**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID HACKEL, Individually, and On Behalf of All Others Similarly Situated, | ) ) ) |
| | ) Case No. 1:19-cv-01722 |
| Plaintiff, | ) |
| v. | ) ) |
| AVEO PHARMACEUTICALS, INC., MICHAEL BAILEY, MATTHEW DALLAS, and KEITH S. EHRLICH, | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT..........................................................................................................................1

I.      Plaintiff Could Have Brought this Action in the District of Massachusetts ............2

II.     Considerations of Convenience and Justice Substantially Weigh in Favor of
        Transfer to the District of Massachusetts...............................................................2

        A.      The District of Massachusetts Is the More Convenient Forum for All
                Likely Witnesses.........................................................................................3

        B.      The District of Massachusetts Is the More Convenient Forum for the
                Parties.........................................................................................................4

        C.      The Location of Relevant Documents Is Likely Massachusetts ..................5

        D.      The Majority of the Operative Facts Occurred in Massachusetts................5

        E.      Plaintiff's Choice of Forum Is Accorded Little Weight .............................6

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adair v. Microfield Graphics, Inc.*,
    No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000)................................5

*Ahrens v. Cti Biopharma Corp.*,
    No. 16 Civ. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016)........................ *passim*

*In re Collins & Aikman Corp. Sec. Litig.*,
    438 F. Supp. 2d 392 (S.D.N.Y. Jul 11, 2006).............................................................5

*In re Connectics Sec. Litig.*,
    No. 06 Civ. 11496 (SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007) .............................4

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
    No. 08 Cv. 3516 (SWK), 2008 WL 4344531 ......................................................3, 5

*Steck v. Santander Consumer USA Holdings Inc.*,
    No. 14-cv-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015)................................3, 6

*Summit v. U.S. Dynamics Corp.*,
    No. 97 Civ. 9224 (VM), 2000 WL 502862 (S.D.N.Y. Apr. 27, 2000)...................................1

**Federal Statutes**

28 U.S.C. § 1391(b)(2) .................................................................................................2

28 U.S.C. § 1404(a) .................................................................................................1, 6

**State Statutes**

Mass. Gen. Laws Chapter 223A § 2 ..............................................................................2

Mass. Gen. Laws Chapter 223A § 3 ..............................................................................2

**Other Authorities**

New York. Federal Court Management Statistics—Comparison Within Circuit,
    12-Month Period Ending June 30, 2018 (*available at*
    http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparis
    on0630.2018.pdf)................................................................................................3

**INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), Defendants AVEO Pharmaceuticals, Inc. ("AVEO," or the "Company"), Michael Bailey, Matthew Dallas, and Keith Ehrlich ("Defendants") respectfully request that the Court transfer the above-captioned federal securities class action to the District of Massachusetts.  As explained below, the District of Massachusetts is the appropriate forum for this action, which arises from allegedly false and/or misleading statements AVEO made concerning, *inter alia*, the Company's business, operational and compliance policies with respect to the design of and data from AVEO's TIVO-3 renal cell carcinoma trial for tivozanib, AVEO's lead candidate drug.  AVEO's headquarters is in Massachusetts, Mr. Bailey and Mr. Dallas work and reside in Massachusetts, almost (if not all) of the potentially relevant documents and witnesses are in Massachusetts, and this action has no relevant connection to New York.  Because all relevant factors favor transfer and Plaintiff does not oppose this motion, the Court should transfer this action to the District of Massachusetts.

**ARGUMENT**

A court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of the statute is to protect litigants, witnesses, and the public from a waste of time, energy, and resources. *See Summit v. U.S. Dynamics Corp.*, No. 97 Civ. 9224 (VM), 2000 WL 502862, at *2 (S.D.N.Y. Apr. 27, 2000).  "In deciding a motion to transfer, a court should first inquire 'whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion.'"  *Ahrens v. CTI BioPharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19,

2016) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)).

### I.   Plaintiff Could Have Brought this Action in the District of Massachusetts

The District of Massachusetts is an appropriate and available venue for this action because all named defendants are subject to personal jurisdiction in that forum.  AVEO is a Delaware corporation with its principal place of business and headquarters in Cambridge, Massachusetts. *See* Compl. ¶ 15; Declaration of Karuna Rubin ("Rubin Decl.") ¶ 3.  Individual Defendants Michael Bailey (the Company's Chief Executive Officer, President, and a member of its Board of Directors) and Matthew Dallas (the Company's Chief Financial Officer) are based in AVEO's Cambridge, Massachusetts headquarters and maintain their primary residence in Massachusetts. *See* Rubin Decl. ¶ 4; *see also* Mass. Gen. Laws ch. 223A § 2 ("A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action.").  Individual Defendant Keith Erhlich was AVEO's Chief Financial Officer from April 22, 2015 to July 1, 2017. Compl. ¶ 18.  He currently resides in Harpswell, Maine.  *See* Rubin Decl. ¶ 4.  Venue is also proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) because a substantial part of the events allegedly giving rise to the claim occurred in the District of Massachusetts.

### II.   Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts

In assessing whether transfer is an appropriate exercise of discretion, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of

unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens*, 2016 WL 2932170, at \*2 (citation omitted).[1] "'While there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.'" *Id.* at \*4 (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 61 (RJH), 2006 WL 851708, at \*3 (S.D.N.Y. Mar. 31, 2006)). Here, all relevant factors favor transfer of the action to the District of Massachusetts, where AVEO is headquartered.

### A. The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses

"The '[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at \*4 (S.D.N.Y. Sept. 18, 2008) (quoting *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998)). The District of Massachusetts is the more convenient forum for all likely witnesses. While no specific

---

[1] The fifth, sixth, seventh, and ninth factors are irrelevant to the analysis in the present case. The complaint does not tend to support that either New York or Massachusetts will be unable to compel the attendance of any witnesses or that litigating this action in Massachusetts would impose undue hardship on any lead plaintiff movant. "Federal courts throughout the nation are equally capable of applying federal securities laws." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at \*7. The docket congestion of the District of Massachusetts does not materially differ from that of the Southern District of New York. Federal Court Management Statistics—Comparison Within Circuit, 12-Month Period Ending June 30, 2018 (*available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2018.pdf). In any event docket congestion is entitled little weight. *See Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv-6942 (JPO), 2015 WL 3767445, at \*9 (S.D.N.Y. June 17, 2015) ("the Court assigns little weight to docket statistics").

witnesses have been identified at this time, "in cases where, as here, the plaintiff alleges that certain documents contained false or misleading statements, the key witnesses are frequently 'officers and employees of [the issuer] who participated in drafting or distributing [those] statements.'" *Id.* (quoting *In re Stillwater Mining Co. Sec. Litig.*, 02 Cv. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003)).  Of AVEO's 19 employees, 17 work in Massachusetts.  *See* Rubin Decl. ¶ 5.

### B.   The District of Massachusetts Is the More Convenient Forum for the Parties

The District of Massachusetts is the far more convenient forum for the parties.  The District of Massachusetts is more convenient to AVEO, Mr. Bailey, Mr. Dallas, and Mr. Ehrlich.  *See* Rubin Decl. ¶¶ 3-4.  AVEO is headquartered in Massachusetts and Mr. Bailey and Mr. Dallas are based in AVEO's Massachusetts headquarters and maintain their primary residence in Massachusetts. *Id.*  Mr. Ehrlich lives in Harpswell, Maine, which is approximately 150 miles from the John Joseph Moakley Courthouse for the District of Massachusetts, and 350 miles from the Thurgood Marshall Courthouse for the Southern District of New York.  Transfer to the District of Massachusetts would therefore minimize the potential expense and inconvenience that these defendants might need to incur for purposes of attending court proceedings.  By contrast, neither New York nor Massachusetts appears to be more convenient for putative class members, as the complaint does not limit class membership to residency in New York or any other state.  *See* Compl. ¶ 1.  The Complaint does not provide Plaintiff's state of residence.  *See* Compl. ¶ 1.  And in any event, there has been no motion yet to designate a lead plaintiff.  Accordingly, the convenience of the parties favors transfer to the District of Massachusetts.  *See In re Connetics Sec. Litig.*, No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *4 (S.D.N.Y. May 23, 2007) ("Furthermore, Oklahoma Teachers purports to bring this action on behalf of a nationwide class of purchasers of Connetics securities, many of whom will not be New York residents.  Since many

class members will be inconvenienced regardless of whether the instant suit proceeds in this District or the Northern District of California, the plaintiffs' residence provides no support for keeping this suit in New York."); *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) ("Moreover, as several courts have explained, the residence of a class representative is often a 'mere happenstance,' which may be discounted by a court when weighing transfer factors.") (quoting *Job Haines Home For The Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996)).

### C. The Location of Relevant Documents Is Likely Massachusetts

Although the location of relevant documents is not a significant factor, as a general matter, the favored forum in a securities class action is the one in which defendants issued the allegedly misleading financial statements, press releases, and SEC filings. *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *5-6; *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396-97 (S.D.N.Y. Jul 11, 2006). Thus, this factor also favors transfer to the District of Massachusetts. *See* Rubin Decl. ¶ 6.

### D. The Majority of the Operative Facts Occurred in Massachusetts

"[I]t is well-settled that '[m]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 397 (quoting *Adair*, 2000 WL 1716340, at *2); *see also Ahrens*, 2016 WL 2932170, at *3 (transferring to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued). In contrast, the complaint does not allege any facts that occurred in New York. The location of the operative facts is Massachusetts, favoring transfer to the District of Massachusetts.

E.   Plaintiff's Choice of Forum Is Accorded Little Weight

Although ordinarily entitled to some deference, a plaintiff's choice of forum is accorded little weight "in a stockholder class action, where members of the class are dispersed throughout the nation." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *7; *see also Ahrens*, 2016 WL 2932170, at *4 (same); *Steck*, 2015 WL 3767445, at *8 (same). Accordingly, the mere fact that the named plaintiff initially filed this action in New York does not weigh against transfer.

**CONCLUSION**

For all of these reasons, Defendants respectfully request that the Court transfer the above-captioned action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).


Dated: April 12, 2019                           Respectfully submitted,

                                                */s/ Michael G. Bongiorno*
                                                Michael G. Bongiorno
                                                WILMER CUTLER PICKERING HALE AND DORR LLP
                                                7 World Trade Center
                                                250 Greenwich Street
                                                New York, NY 10007
                                                Tel: (212) 230-8800
                                                Fax: (212) 230-8888
                                                michael.bongiorno@wilmerhale.com

                                                *Attorney for Defendants AVEO Pharmaceuticals, Inc.,*
                                                *Michael Bailey, Matthew Dallas, and Keith Ehrlich*

-6-