UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DAVID HACKEL, *individually and on behalf of all others similarly situated*, | * * * |
| Plaintiffs, | * * |
| v. | Civil Action No. 19-cv-10783-ADB * * |
| AVEO PHARMACEUTICALS, INC. et al., | * * |
| Defendants. | * * * |

## MEMORANDUM AND ORDER ON MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL

BURROUGHS, D.J.

This is a federal securities class action lawsuit concerning alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, 78t, and Rule 10b-5, 17 C.F.R § 240.10b-5, by Defendant AVEO Pharmaceuticals ("AVEO") and certain of its current and former executives. [ECF No. 1 ("Compl.")]. Plaintiffs claim that AVEO made misleading statements in connection with its efforts to demonstrate the effectiveness of a candidate drug for treating renal cell carcinoma. Compl. ¶ 3–6. AVEO's share price fell more than 60 percent following the January 31, 2019 publication of an article asserting that the FDA was requesting more testing results and that AVEO would not be applying for approval of its drug. Compl. ¶¶ 7–8. Currently before the Court are two motions to appoint lead plaintiff(s) and to approve the movants' respective selections of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). [ECF Nos. 23, 29]. For the reasons stated herein, Andrej Hornak's ("Hornak") motion for his appointment as lead plaintiff, [ECF No. 29], and for approval of his selection of Pomerantz LLP as Lead Counsel and

1

Andrews DeValerio LLP as Liaison Counsel [ECF No. 29] is GRANTED, and the competing motion filed by Andrew P. Walsh and Daniel Van Meerbeeck [ECF No. 23] is DENIED.[1]

Under the PSLRA, the Court must "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). This person is known as the "most adequate plaintiff." Id. A rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Federal Rule of Civil Procedure 23. Id. at § 78u-4(a)(3)(B)(iii)(I). One may only rebut this presumption with "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is subject to unique defenses. Id. at § 78u-4(a)(3)(B)(iii)(II). The statute's language suggests that "the threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be a product of the court's independent judgment, and that arguments by members of the purported plaintiff class as to why it does not should be considered *only* in the context of assessing whether the presumption has been rebutted." In re Cendant Corp. Litig., 264 F.3d 201, 263–64 (3d Cir. 2001); State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc., No. 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (same).

To determine the largest financial interest, courts may consider several factors, including "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." Ark. Teacher Ret. Sys. v. Insulet

---

[1] Two other motions to appoint Lead Plaintiffs were filed by Jean Claude Boustany and William Barry, but those motions were voluntarily withdrawn. See [ECF Nos. 22, 25, 32, 34].

2

Corp., 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Most courts appoint whichever potential lead plaintiff has suffered the largest total loss. Takara Tr. v. Molex Inc., 229 F.R.D. 577, 579 (N.D. Ill. 2005) (citing In re Bally Total Fitness Sec. Litig., No. 04C4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).

Here, Hornak claims to have suffered a loss of $527,918 as a result of purchasing 282,000 AVEO shares at a cost of $750,917 and retaining 250,000 shares. [ECF No. 30 at 5]. Hornak's asserted loss is larger than the other movants, Andrew P. Walsh and Daniel Van Meerbeeck, who claim to have suffered a $341,506.42 loss as a result of purchasing 155,000 AVEO shares. [ECF No. 26 at 7]. The Court finds Hornak's purchase and continued ownership of AVEO shares through the class period adequately documented and further finds that he has a larger financial interest in this litigation than Messrs. Walsh and Van Meerbeeck.

Hornak also meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. At this stage, he "need only make a *prima facie* showing of typicality and adequacy," Ark. Teacher Ret. Sys., 177 F. Supp. 3d at 622, and the Court's findings on these requirements need only be "preliminary," City of Bristol Pension Fund v. Vertex Pharms., No. 12-cv-11654-FDS, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012) (quoting In re Tronox, Inc. Sec. Litig., 262 F.R.D. 338, 343−44 (S.D.N.Y. 2009)); see Emerson v. Genocea Biosciences, Inc., No. 17-12137-PBS, 2018 WL 839382, at *3 n.2 (D. Mass. Feb. 12, 2018) (party seeking appointment as most adequate plaintiff bears a "relatively low burden of proof"). The "burden in proving typicality requires that the named [plaintiff's] claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001)

3

(quoting In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991)). Hornak's claims are typical because, like the other putative class members, he owned AVEO shares when the company allegedly made misleading statements of material facts or omitted facts that made its assertions misleading, and he claims to have suffered damages as a result of the decline in value of his securities when AVEO's misrepresentations and omissions were revealed. [ECF No. 30 at 7].

"To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." In re Lernout, 138 F. Supp. 2d at 46. Hornak has selected as Pomerantz LLP as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel. He adequately sets forth the firm's experience litigating complex class actions, and no party has disputed the adequacy of his proposed counsel. [ECF No. 30 at 8–9; ECF No. 31-4; ECF No. 31-5]. Moreover, Hornak is an adequate lead plaintiff given his attestations that he is willing to serve as a class representative and be deposed and testify at trial, if necessary. [ECF No. 31-2]. He further attests that he "did not purchase or acquire AVEO securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act." Id. Hornak therefore satisfies the requirements of Fed. R. Civ. P. 23 at this stage.

Because Hornak holds the largest financial interest and satisfies the requirements of Rule 23, he "must be appointed lead plaintiff," unless the presumption of his adequacy is rebutted. Sonus Networks, Inc., 2006 WL 3827441, at *3. On May 2, 2019, the Court ordered any party intending to oppose Hornak's appointment as Lead Plaintiff to file a notice of intent to oppose by 12:00 PM on May 3, 2019. [ECF No. 33]. No such notice has been filed, and the presumption

that Hornak is the most adequate plaintiff is thus unrebutted.  The Court therefore appoints Hornak as Lead Plaintiff and approves his selection of Lead and Liaison Counsel.

## III. CONCLUSION

Hornak's motion to be appointed lead plaintiff and for approval of his selection of counsel, [ECF No. 29], is <u>GRANTED</u>.  Hornak is appointed Lead Plaintiff, and the Court approves his selection of Pomerantz LLP as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel.  The competing motion [ECF No. 23] is <u>DENIED</u>.

The parties shall meet and confer and submit a proposed schedule for an amended complaint and AVEO's response thereto within 14 days of this order.

**SO ORDERED.**

May 6, 2019                                                                                  <u>/s/ Allison D. Burroughs</u>
                                                                                                         ALLISON D. BURROUGHS
                                                                                                         U.S. DISTRICT JUDGE